UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CUREVO, INC.,

        Plaintiff,

    v.

SENYON TEDDY CHOE,

        Defendant.

NO. C19-0572RSL

ORDER DENYING MOTION TO DISMISS AND/OR FOR CHANGE OF VENUE

This matter comes before the Court on defendant's "Motion to Dismiss for Lack of Personal Jurisdiction or Improper Venue, or Alternatively Transfer Venue." Dkt. # 12. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

Defendant was served with process in the State of Washington, having voluntarily come to the state for reasons having nothing to do with plaintiff or the dispute between the parties. "Among the most firmly established principles of personal jurisdiction in American tradition is that courts of a State have jurisdiction over nonresidents who are physically present in the State" . . . "and that once having acquired jurisdiction over such a person by properly serving him with

---

[1] This matter can be decided on the papers submitted. Plaintiff's request for oral argument is DENIED. The Court has not considered the untranslated documents attached as exhibits to the "Supplementary Declaration of Senyon Teddy Choe" (Dkt. # 24).

ORDER DENYING MOTION TO DISMISS
AND/OR FOR CHANGE OF VENUE - 1

process, the State could retain jurisdiction to enter judgment against him, no matter how fleeting his visit." Burnham v. Super. Ct. of Cal., Cty. of Marin, 495 U.S. 604, 610-11 (1990). The Court therefore has jurisdiction over defendant based on service of process while he was physically present in the state: that is all the connection to the forum that due process or traditional notions of fair play and substantial justice require. Id. at 619.

Defendant has abandoned his argument that this case should be dismissed for improper venue under 28 U.S.C. § 1406.

Defendant seeks transfer of this matter to the Southern District of California under 28 U.S.C. § 1404(a), which provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Where, as here, there is no contractual forum-selection clause, the Court evaluates "both the convenience of the parties and various public-interest considerations," weighing the relevant factors and deciding whether, on balance, a transfer would promote "the convenience of the parties and witnesses" and "the interest of justice." Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex., 571 U.S. 49, 62-63 (2013). Relevant factors include the location where relevant agreements were negotiated and executed, plaintiff's choice of forum, which state is most familiar with the governing law, the parties' contacts with the forum, the forum's relationship to plaintiff's causes of action, differences in the costs of litigation in the two forums, the relative availability of compulsory process and ease of access to witnesses and evidence, and any relevant public policies of the forum state. Aweida Arts, Inc. v. Pure Glass Distrib., Inc., 157 F. Supp.3d 929, 939 (W.D. Wash. 2015) (citing Jones v. GNC Franchising, Inc., 211 F.3d 495,

ORDER DENYING MOTION TO DISMISS
AND/OR FOR CHANGE OF VENUE - 2

498-99 (9th Cir. 2000)). Defendant, as the party seeking transfer, must demonstrate that this case could have been brought in the Southern District of California and that the balance of factors tips in favor of transfer.

Plaintiff could have, had it chosen to, sued defendant in the Southern District of California where he allegedly resides. Neither the private nor public interests necessitate a transfer in the circumstances presented here, however. Defendant negotiated and executed the relevant contract from South Korea and, although the negotiations were conducted on plaintiff's side by representatives in California, there is no admissible evidence regarding where it was executed by that party. Plaintiff's choice of a Washington forum is significant given the lack of a forum selection clause, and the courts of this state are more familiar with the law designated by the parties in their contract. Both parties have significant contacts with Washington and California, but the causes of action plaintiff alleges (declaratory judgment regarding choice of law and the nature of the parties relationship under the agreement) will likely be decided with reference to Washington law and conduct that occurred primarily in Washington. The availability of evidence, the convenience of witnesses, and the costs of litigation would be reduced for one party and increased for the other regardless of whether the case is tried in Washington or California. Finally, the public policies of Washington regarding enforcement of contracts and protection of workers trumps California's more general interest in protecting its residents. The Court finds that litigating this action in Washington will not cause an avoidable waste of time, energy, or money, nor will it cause the litigants, witnesses, or public unnecessary inconvenience or expense. See Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). The Court declines to transfer this matter simply because it would be more convenient for defendant to

ORDER DENYING MOTION TO DISMISS
AND/OR FOR CHANGE OF VENUE - 3

litigate in the Southern District of California.

For all of the foregoing reasons, defendant's motion for dismissal or transfer of venue is DENIED.

Dated this 29th day of July, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO DISMISS
AND/OR FOR CHANGE OF VENUE - 4