UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CUREVO, INC.,

        Plaintiff,

    v.

SENYON TEDDY CHOE,

        Defendant.

NO. C19-0572RSL

ORDER RENOTING MOTION FOR LEAVE TO AMEND

This matter comes before the Court on "Defendant's Motion for Leave to File Amended Counterclaim Joining an Additional Party." Dkt. # 47. Between April and December 2018, defendant Senyon Teddy Choe was a member of Curevo's Scientific Advisory Board. The relationship was terminated on or about December 5, 2018, and Curevo filed this action seeking a declaration that Choe was an independent contractor and has no right to stock options that had not vested at the time of the termination. In his answer, Choe asserted a counterclaim of wrongful termination in violation of public policy, alleging that Curevo terminated him because he had filed a lawsuit in South Korea against Mogam Institute for Biomedical Research ("MIBR"), Curevo's minority shareholder, and because Choe refused to participate in unlawful business practices when he was employed as a director (and possibly trustee) of MIBR.

Choe seeks leave to amend his answer to add MIBR as a defendant in this matter. He

ORDER RENOTING MOTION
FOR LEAVE TO AMEND - 1

alleges that MIBR was his employer and that it wrongfully terminated his employment because he filed a wrongful termination lawsuit against MIBR in South Korea and was unwilling to comply its unlawful business. Dkt. # 47-1 at ¶¶ 35 and 37. Curevo, not surprisingly, interpreted the proposed amendment as asserting a claim arising out of the termination of Choe's employment with MIBR, which occurred a few months before his termination from Curevo. In that context, Curevo argued that amendment should be denied because (1) Choe is currently litigating an identical wrongful termination claim against MIBR in South Korea, (2) the two terminations did not arise out of the same occurrence or involve the same facts, and (3) adding MIBR, a foreign corporation with no alleged contacts with this forum other than its minority ownership of Curevo, and litigating events that occurred entirely in South Korea and are governed by South Korean law will unnecessarily complicate and delay this litigation. In reply, Choe makes clear that he is actually alleging that MIBR was his functional employer while he was a member of Curevo's Scientific Advisory Board and that MIBR is liable for his wrongful termination from Curevo.

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a "strong policy in favor of allowing amendment" (Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994)), and "[c]ourts may decline to grant leave to amend only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc." Sonoma County Ass'n of Retired Employees v. Sonoma County, 708 F.3d 1109, 1117 (9th Cir. 2013) (internal quotation marks and alterations omitted). The underlying purpose of Rule 15 is "to facilitate

ORDER RENOTING MOTION
FOR LEAVE TO AMEND - 2

decision on the merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

As clarified in his reply memorandum, Choe is seeking to hold MIBR liable for the termination of his relationship with Curevo. Choe does not explain the theory under which one corporation can be held liable for a tort allegedly committed by another, however, and there are no factual allegations that could support the piercing of the corporate veil or a finding of joint employment. Choe's allegation that MIBR was its employer is conclusory and belied by the evidence and other facts in the record. Because the nature of Choe's claim was initially unclear, Curevo has not had a meaningful opportunity to address the viability of the proposed claim under Washington law and the facts alleged.

For all of the foregoing reasons, the Clerk of Court is directed to renote Choe's motion for leave to amend (Dkt. # 47) on the Court's calendar for consideration on October 11, 2019. Curevo may, if it chooses, file a supplemental response on or before Monday, October 7th. Choe may, if he chooses, file a supplemental reply on or before the note date.

Dated this 26th day of September, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER RENOTING MOTION
FOR LEAVE TO AMEND - 3