The Hon. Robert S. Lasnik

1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

10

CUREVO, INC.,

Case No.:  2:19-cv-00572-RSL

11

            Plaintiff-Counterdefendant,

12

v.

13

SENYON TEDDY CHOE,

DEFENDANT SENYON TEDDY
CHOE'S OPPOSITION TO PLAINTIFF
CUREVO, INC'S MOTION FOR
PROTECTIVE ORDER REGARDING
THE DEPOSITION OF CUREVO
BOARD MEMBER YOUNG-SEOB
PARK

14
15

            Defendant-Counterplaintiff.

16

**NOTE DATE: MARCH 20, 2020**

17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT SENYON TEDDY CHOE'S
OPPOSITION TO PLAINTIFF CUREVO'S
MOTION FOR PROTECTIVE ORDER - Page 1
2:19-cv-00572-RSL

IPLA, LLP
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 272-0220

## I.      INTRODUCTION

On February 12, 2020, Defendant Senyon Teddy Choe ("Choe") served a notice of deposition on Curevo, Inc. by naming board member Young-Seob Park pursuant to Fed. R. Civ. P. 30(b)(1).[1] The parties met and conferred extensively on the issue, including by phone on February 27 and March 3, 2020. Plaintiff Curevo, Inc.'s ("Curevo") objections to the notice were based on several shifting rationales, which finally culminated in an objection on the grounds that (1) Park was not a member of Curevo's board until after the disputed activities occurred, and (2) that the apex doctrine defense would bar Park's deposition. On March 12, 2020, Curevo filed the instant Motion for Protective Order Regarding the Deposition of Curevo Board Member Young-Seob Park ("Curevo's Motion"), seeking a protective order barring Choe from taking Curevo's deposition through Park.

Corporate depositions under Rule 30(b)(1), by definition, permit examining parties to name a high-level corporate "officer, director or managing agent" as the deponent. Park is a member of Curevo's Board of Directors whose deposition was properly noticed under Rule 30(b)(1). Case law is clear an examining party may choose between taking the deposition of a corporation either under Rule 30(b)(1), where the deposing party selects the deponent, or under Rule 30(b)(6), where the corporation selects the deponent. Curevo's attempted use of the apex doctrine to prevent Choe from taking Curevo's deposition under Rule 30(b)(1) through Park and to limit Choe to a deponent of Curevo's own choosing under Rule 30(b)(6) nullifies the well-established corporate deposition procedure available to Choe under Rule 30(b)(1).

---

[1] On February 27, 2020, Curevo's counsel informed Choe on a telephone call that Park is currently a member of Curevo's Board but that he does not hold the position of Chairman, as specified in Choe's noticed deposition. Decl. of Irene Choe in Opposition to Protective Order ¶ 2.

DEFENDANT SENYON TEDDY CHOE'S
OPPOSITION TO PLAINTIFF CUREVO'S
MOTION FOR PROTECTIVE ORDER - Page 2
2:19-cv-00572-RSL

IPLA, LLP
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 272-0220

Parties carry a heavy burden when seeking to prevent a deposition and courts will not prohibit the taking of a deposition absent extraordinary circumstances. As set forth below, Curevo first offered two other bases for opposing Park's deposition and raised the apex doctrine only after Choe point out the illegitimacy of the company's first two rationales. Curevo has not satisfied its heavy burden to show why discovery should be denied here. The Court should accordingly deny Curevo's Motion.

## II.   FACTUAL BACKGROUND

Choe formerly held the positions of Director and Trustee at Mogam Institute for Biomedical Research (MIBR), located in South Korea. Decl. of Senyon Teddy Choe in Support of Defendant's Opposition to Motion for Protective Order ("Decl. of Senyon Teddy Choe in Opposition to Protective Order") at ¶ 1. In October 2018, Choe filed a wrongful termination action against MIBR in Korea based on breach of the Board of Trustees' fiduciary duties and actions relating to the Huh family's unlawful control of MIBR through Green Cross Corporation.[2] Supplementary Declaration of Senyon Teddy Choe in Support of Defendant's Reply to Plaintiff's Opposition to Motion to Dismiss or Alternatively, Transfer Venue, Dkt. #24 at ¶¶ 15-16. Choe was terminated from Curevo's Scientific Advisory Board ("SAB") shortly thereafter. *Id.* at ¶ 18. Plaintiff and counter-defendant Curevo brought a declaratory relief action against Choe, seeking this Court's determination that (1) Washington law applies to the parties' SAB service agreement; and (2) that Choe, as a member of Curevo's SAB, was an independent contractor and not an employee of Curevo.

---

[2] Curevo's two shareholders are Green Cross Corporation (parent for-profit corporation and majority owner) and MIBR (nonprofit affiliate formerly headed by Choe), located in South Korea. Decl. of Senyon Teddy Choe in Opposition to Protective Order at ¶ 1.

DEFENDANT SENYON TEDDY CHOE'S
OPPOSITION TO PLAINTIFF CUREVO'S
MOTION FOR PROTECTIVE ORDER - Page 3
2:19-cv-00572-RSL

Park has been directly involved in Curevo matters since its conception in 2017 through present. Choe properly noticed and seeks the party deposition of Park under Rule 30(b)(1) based on Park's present capacity as a Curevo director. Park possesses unique and personal knowledge of Curevo's business and Choe's services for Curevo.

## III.   PROCEDURAL BACKGROUND

On February 12, 2020, Choe noticed a 30(b)(1) deposition of Curevo by naming director Young-Seob Park for March 12, 2020, in Seattle, which fell on the day after defendant Choe's scheduled deposition for March 11, 2020, in Seattle.[3] Dkt. #59-1. Curevo's counsel serially raised multiple objections to the notice, as summarized below.

### i.   Curevo would not produce Mr. Park until defendant Choe's deposition was completed.

On February 20, 2020, Choe inquired whether Curevo anticipated any issues with the noticed March 12, 2020, date for Park's deposition. Choe received the following response:

> Irene,
>
> I just saw your email. To clarify, we will take plaintiffs deposition in the 11th and 12th. We are not agreeing to any depositions of our witnesses until we have completed the deposition we noticed months ago.
>
> Depositions you wish to take will be scheduled once we complete plaintiff's deposition.
>
> Wendy

Dkt. #59-2 at p. 10. Despite the parties having never actually addressed, much less stipulated to, the possibility of taking a two-day deposition of Choe contrary to Rule 30(d)(1), Curevo's counsel went on to explain that the noticed March 12 date would not work for Park's deposition based on experience that informed her that the parties would need two days to obtain

---

[3] The parties have recently agreed to reschedule Choe's deposition.

DEFENDANT SENYON TEDDY CHOE'S
OPPOSITION TO PLAINTIFF CUREVO'S
MOTION FOR PROTECTIVE ORDER - Page 4
2:19-cv-00572-RSL

IPLA, LLP
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 272-0220

7 hours of testimony. *Id.* at pp. 8-9. Choe objected to Curevo's improper attempt to delay Park's deposition as a violation of Rule 26(d)(3)(B) and Rule 30(d)(1).

**ii.     Curevo would not produce Park on the noticed date because he is in Korea. Curevo would produce Park if Choe's counsel proposed a date that works for all.**

After Choe's counsel informed Curevo's counsel that her refusal to schedule Park's deposition was improper, Curevo's counsel responded:

> Irene,
>
> He will not be there. He is in Korea. We will produce him on a mutually convenient date. In view of this correspondence, I welcome you to move to compel. I believe that the court will find your lack of cooperation in producing your client for a deposition of seven hours and then refusing to work with us to find a convenient date given the state of travel and everything else right now quite unacceptable. You have our invitation to work with us on a date for a deposition that works for all. We will see you on March 11 and will complete 7 hours of deposition no matter how long that takes. I am quite able to stay for 11 to 12 consecutive hours to get 7 hours of on the record time and that is fine with me. Hope your dad feels the same way. We will plan on going as late as need be to finish in one day.  Plan to be there longer than 7 hours to get 7 hours on the record. Wendy

Dkt. #59-2 at p. 6. On February 24, 2020, Choe proposed April 15 or 16, 2020, for Park's deposition in response to Curevo's request. *Id.* at p. 5.

**iii.    Curevo would not produce Park without understanding Choe's basis for wanting to depose him since Park was not on Curevo's board during the "relevant time frame."**

On February 26, 2020, Curevo's counsel changed course and raised a new ground for not producing Park for his noticed deposition. Specifically, Curevo's counsel claimed that they could not agree to the deposition "without understanding [Choe's] basis for deposing [Park]" given Park had not joined Curevo's board until 2019, or after the time when Choe served on Curevo's SAB. *Id.* at p. 5.

DEFENDANT SENYON TEDDY CHOE'S
OPPOSITION TO PLAINTIFF CUREVO'S
MOTION FOR PROTECTIVE ORDER - Page 5
2:19-cv-00572-RSL

IPLA, LLP
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 272-0220

On a February 27 phone call, Choe's counsel explained that Choe is seeking the deposition of Curevo by naming Park under Rule 30(b)(1). Curevo's counsel confirmed that Park is a member of Curevo's Board of Directors (although counsel clarified that Park did not hold the position of Chairman, as specified in Choe's noticed deposition). Decl. of Irene Choe in Support of Defendant's Opposition to Motion for Protective Order ("Decl. of Irene Choe in Opposition to Protective Order") ¶ 2.

On February 28, 2020, Curevo's counsel finally acknowledged that Choe could seek a party deposition of officers and directors under Rule 30(b)(1). Counsel argued that this would only apply to those corporate officials with first-hand knowledge. She also claimed even if Choe were seeking to depose Park in his capacity as a director, the apex doctrine barred Park's deposition. Dkt. 59-2 at p. 1. On March 4, 2020, Choe proposed that the parties resolve their discovery dispute via a telephonic motion. Curevo declined. Decl. of Irene Choe in Opposition to Protective Order ¶ 3.

## IV.    DISCUSSION

### A.    Plaintiff Curevo's Deposition Is Allowed For Under Rule 30(b)(1).

As an alternative to a Rule 30(b)(6) deposition of a corporation (where the corporation selects the deponent(s)), a party may take the deposition of a corporation by naming an officer, director, or managing agent under Rule 30(b)(1). *U.S. v. One Parcel of Real Estate at 5860 North Bay Road, Miami Beach, Fla.*, 121 F.R.D. 439, 440 (S.D. Fla. 1988); *see also, e.g., GTE Products Corp. v. Gee*, 115 F.R.D. 67, 68 (D. Mass. 1987); *In re Honda American Motor Co., Inc. Dealership Relations Litigation*, 168 F.R.D. 535, 540 (D. Md. 1996) ("The examining party has the power itself . . . to designate deponents who will speak for the corporation, but only if the named individuals are "directors, officers, or managing agents.") (citing Fed. R. Civ. P. 30(b)(6)

DEFENDANT SENYON TEDDY CHOE'S
OPPOSITION TO PLAINTIFF CUREVO'S
MOTION FOR PROTECTIVE ORDER - Page 6
2:19-cv-00572-RSL

IPLA, LLP
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 272-0220

Advisory Committee Note to 1970 amendments); Adv. Comm. Notes to 1970 Amendments to former Fed. R. Civ. P. 30(b)(6), 48 F.R.D. 487, 515 (1970) ("This procedure supplements the existing practice whereby the examining party designates the corporate official to be deposed. Thus, if the examining party believes that certain officials who have not testified pursuant to this subdivision have added information, he may depose them.").

i.      **Park is a Proper Rule 30(b)(1) Corporate Deponent.**

Curevo no longer disputes that Choe can take the deposition of Park as a director under Rule 30(b)(1). Rather, Curevo simply argues that it is not compelled to produce Park when "he has no unique or first-hand knowledge **in his capacity as a Curevo director** [during the time the disputed activities occurred in 2018] (emphasis added)". This is irrelevant. The relevant time period for determining an individual's status as a proper Rule 30(b)(1) corporate deponent is "as of the time of the deposition, not as of the time when the activities disputed in the litigation occurred." *E.I. DuPont de Nemours and Co. v. Kolon Industries, Inc.*, 268 F.R.D. 45, 49 (E.D. Va. 2010) (citing *In re Honda, Am. Motor Co.*, 168 F.R.D. 535, 540 (D.Md.1996); *see also Curry v. States Marine of Del*, 16 F.R.D. 376, 377 (S.D.N.Y. 1954) ("the deposition of an employee of a corporate party may be used as a deposition of the party only if the witness *at the time of taking the deposition* was an officer, director or managing agent").

Because Park is a member of Curevo's board and Choe has properly noticed his deposition under Rule 30(b)(1), the Court should deny Curevo's Motion for Protective Order.

ii.     **The Apex Doctrine Does Not Bar The Deposition of Park.**

"A party seeking to prevent a deposition carries a heavy burden to show why discovery should be denied, and absent extraordinary circumstances it is very unusual for a court to prohibit the taking of a deposition." *Rookaird v. BNSF Railway Company*, 2015 WL 11233096, at *1

DEFENDANT SENYON TEDDY CHOE'S
OPPOSITION TO PLAINTIFF CUREVO'S
MOTION FOR PROTECTIVE ORDER - Page 7
2:19-cv-00572-RSL

IPLA, LLP
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 272-0220

(W.D. Wash. 2015) (citing *In re Google Litig.*, 2011 WL 4985279, at \*2 (N.D. Cal. 2011)). A corporate party risks sanctions, including default or dismissal, if the named officer, director, or managing agent fails to appear. Fed. R. Civ. P. 37(d); *see also Bon Air Hotel, Inc. v. Time, Inc.*, 376 F.2d 118, 121 (5th Cir. 1967).

Requests to depose high-level corporate executives or those at the "apex" of corporate management *in their personal capacity* may be subject to the Court's discretion to limit such discovery in order to guard against potential abuse or harassment. *Rookaird*, at \*1. Courts will consider "(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Id.* A claimed lack of knowledge alone is insufficient to preclude discovery and "[a] strong showing is required before a party will be denied entirely the right to take a deposition." *Robinett v. Opus Bank*, 2013 WL 5850873, at \*5 (W.D. Wash. 2013) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

All of the apex cases Curevo cites involve depositions of corporate officers in their personal capacities. The efficacy of a Rule 30(b)(1) corporate deposition depends on the deponent's being a high-level corporate representative who can speak for the company. For that reason, it makes little sense to apply the apex doctrine in the context of corporate depositions. Even assuming the apex doctrine applies when a party seeks the deposition of a director as a corporate representative under Rule 30(b)(1) rather than in his personal capacity, the Court should deny Curevo's motion for protective order on that basis.

Curevo argues that the apex doctrine defense should bar Choe from taking Park's deposition as Curevo's *corporate representative* because he lacks unique or firsthand knowledge as a Curevo director during the time Choe served on Curevo's SAB in 2018. Curevo's argument

DEFENDANT SENYON TEDDY CHOE'S
OPPOSITION TO PLAINTIFF CUREVO'S
MOTION FOR PROTECTIVE ORDER - Page 8
2:19-cv-00572-RSL

IPLA, LLP
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 272-0220

misapprehends the purpose of a Rule 30(b)(1) corporate deposition. The purpose of that procedure is to allow the deposing party to name a present corporate officer, director, or managing agent as the corporate deponent. As set forth above, that Park did not hold an official title at Curevo in 2018 is not germane.

Park possesses personal and non-repetitive knowledge as it pertains to Curevo at all relevant times. In fact, Choe and Park worked together on Curevo matters since its inception. Decl. of Senyon Teddy Choe in Opposition to Protective Order at ¶ 2. Park and Curevo's former Chairman presented findings related to Curevo's business to Green Cross Corporation in 2017, which was critical for Curevo's development as indicated by the parent's ownership of approximately 80% of Curevo's stock. *Id.* Park and Choe collaborated on several Curevo projects and organized Curevo's kick-off meeting in Seattle in January 2018. *Id.* at ¶ 8. In February 2018, Park and President Huh of Green Cross Corporation traveled to Seattle to meet with members of IDRI to approve the key partnership. *Id.* at ¶ 9. Park and Choe were also highly involved in Curevo's foundational business dealings and related agreements affecting Curevo, MIBR, and Green Cross Corporation. *Id.* at ¶ 4. They attended business meetings at international bio-industry conferences to meet with potential business partners from major pharmaceutical companies. *Id.* at ¶ 11. Park and Choe discussed business matters relating to Curevo and the Green Cross family of companies at the meetings. *Id.* Park traveled to the US on multiple occasions and for Curevo business in 2018 and 2019. *Id.* ¶ 10. Park was aware of Choe's services for Curevo throughout and reported directly to Curevo's (former) Chairman Joon Soo Ryu and President Eun-Chul Huh of Green Cross Corporation. *Id.* ¶¶ 3, 5. After Chairman Ryu left Curevo and Green Cross Corporation in early 2019, Park took Ryu's place on Curevo's board. *Id.* ¶¶ 6-7.

DEFENDANT SENYON TEDDY CHOE'S
OPPOSITION TO PLAINTIFF CUREVO'S
MOTION FOR PROTECTIVE ORDER - Page 9
2:19-cv-00572-RSL

IPLA, LLP
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 272-0220

Curevo's claims that Park has no firsthand knowledge of the facts of this case are entirely based on a technicality that has no relevance to the issue of knowledge. Based solely on the timing of when Park joined Curevo's board, Curevo argues that Park has no direct knowledge and that Choe must accordingly subpoena Park as a non-party foreign employee of Curevo's parent.[4] As established above, Park has unique firsthand and non-repetitive knowledge of the facts at issue at all relevant times. Choe has further sought written discovery in this action. Decl. of Irene Choe in Opposition to Protective Order ¶ 4. Choe's discovery requests have produced minimal responses to date, including several outright objections to respond altogether.

To allow Curevo to bar Park's deposition under the apex doctrine defense would defeat the clear purpose of Rule 30(b)(1). Curevo's claims that Park has no firsthand knowledge in the capacity as a Curevo director in 2018 are improper and do not satisfy its heavy burden to show why discovery should be denied. The Court should deny Curevo's Motion.

## V.    CONCLUSION

Choe properly seeks the party deposition of director Park under Rule 30(b)(1). Curevo's various and shifting rationales to its objections have not met the requisite burden to deny a party from taking a deposition. Choe respectfully requests that the Court (1) deny Curevo's Motion, and (2) order Curevo to pay the reasonable expenses and attorneys' fees associated in bringing this opposition to Curevo's Motion pursuant to Rule 37(a)(5), and such other and further relief as this Court shall deem fair and equitable.

RESPECTFULLY SUBMITTED this 18th day of March 2020.

---

[4] Choe notes that Korea has objected to the provisions of the Hague Evidence Convention pertaining to the taking of voluntary depositions of Korean nationals. In order to subpoena Park, Choe would be required to file a letter of request with the Court and Korean Central Authority pursuant to the prohibitive procedures under the Hague Convention and Korean court system. South Korea (Republic of Korea) Judicial Assistance Information, *Taking Voluntary Depositions of Willing Witnesses*, Nov. 15, 2013, available at https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/KoreaRepublicof.html.

DEFENDANT SENYON TEDDY CHOE'S
OPPOSITION TO PLAINTIFF CUREVO'S
MOTION FOR PROTECTIVE ORDER - Page 10
2:19-cv-00572-RSL

IPLA, LLP
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 272-0220

**IPLA, LLP**

By: /s/ Irene Choe
Irene Choe
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 272-0220
ichoe@ipla.com

**FRANK FREED SUBIT & THOMAS LLP**

By: /s/ Michael C. Subit
Michael C. Subit, WSBA # 29189
Marc C. Cote, WSBA # 39824
705 Second Avenue, Suite 1200
Seattle, WA 98104
(206) 682-6711
msubit@frankfreed.com

Attorneys for Defendant Senyon Teddy Choe

DEFENDANT SENYON TEDDY CHOE'S
OPPOSITION TO PLAINTIFF CUREVO'S
MOTION FOR PROTECTIVE ORDER - Page 11
2:19-cv-00572-RSL

IPLA, LLP
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 272-0220

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2020, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing to all

counsel/parties of record.


By: /s/ Irene Choe_____
Irene Choe

DEFENDANT SENYON TEDDY CHOE'S
OPPOSITION TO PLAINTIFF CUREVO'S
MOTION FOR PROTECTIVE ORDER - Page 12
2:19-cv-00572-RSL

IPLA, LLP
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 272-0220