UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CUREVO, INC., <br><br> Plaintiff, <br><br> v. <br><br> SENYON TEDDY CHOE, <br><br> Defendant. | NO. C19-0572RSL <br><br> AMENDED ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on plaintiff's "Motion for Protective Order Regarding the Deposition of Curevo Board Member Young-Seob Park." Dkt. # 57. Mr. Park became a member of Curevo's Board in May 2019, after the events giving rise to this litigation took place. It is undisputed that Mr. Park has information regarding the claims and defenses asserted, however: he was an employee of Curevo's majority shareholder when Curevo was created and was involved in the new corporation's foundational business agreements and dealings, he collaborated with defendant and/or Curevo on Curevo projects, and he reported on Curevo to the majority shareholder. Curevo seeks to quash defendant's notice for Mr. Park's deposition, arguing that defendant must subpoena Mr. Park under Rule 45 because the events about which he will be asked to testify occurred before he joined Curevo's Board.

Federal Rule of Civil Procedure 30(b) provides two methods by which to obtain the

AMENDED ORDER DENYING PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER - 1

testimony of a corporate party. Under Rule 30(b)(6), defendant would be permitted to name the corporation as the deponent and allow plaintiff to designate one or more representatives to speak regarding the matters identified in the notice. In the alternative, defendant may identify a particular officer, director, or managing agent of the corporation as the deponent under Rule 30(b)(1). Such notice compels the corporate party to produce the identified officer, director, or managing agent without need of subpoena: failure to do so risks the imposition of sanctions, such as default or dismissal. *See Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 627 n.1 (C.D. Cal. 2005) (quoting Schwarzer, Tashima & Wagstaffe, CALIFORNIA PRACTICE GUIDE: FED. CIVIL PROCEDURE BEFORE TRIAL §§ 11:1419, 11:2226 (2005 rev.)).

Despite acknowledging that Mr. Park is a Curevo director and that he has relevant information, plaintiff seeks a protective order preventing Mr. Park's deposition under Rule 30(b)(1) because (i) the relevant information he has was obtained prior to his becoming a Curevo director and (ii) any information he obtained as a Curevo director should be obtained through other, less burdensome means, such as a Rule 30(b)(6) deposition. Plaintiff offers no support for its temporal limitation on Rule 30(b)(1). "Ordinarily, managing agent status is determined as of the time of the deposition, not as of the time when the activities disputed in the litigation occurred." *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 268 F.R.D. 45, 49 (E.D. Va. 2010) (citing *In re Honda, Am. Motor Co.*, 168 F.R.D. 535, 540 (D. Md. 1996)). *See also RePet, Inc. v. Zhao*, 2018 WL 9802098, * 7 (C.D. Cal. Jan. 16, 2018). A corporation must produce for deposition its officers, directors, and managing agents while they hold those positions and have the power to speak for the corporation. This requirement is subject to certain protections granted to "apex" executives who do not have first-hand, non-repetitive knowledge of relevant facts, but

plaintiff has not shown that this exception applies here. Mr. Park brought with him to his role at Curevo first-hand knowledge of and information regarding the events giving rise to this litigation. He is properly subject to deposition under Rule 30(b)(1) as a current director, and Curevo does not argue that any other officer, director, or managing agent can testify as to the events in which he participated or about which he has information. Curevo must, therefore, produce Mr. Park for deposition without insisting on a subpoena. The final determination as to whether his testimony binds Curevo on any particular issue will be made at trial. *See Calderon v. Experian Info. Sols., Inc.*, 287 F.R.D. 629, 634 (D. Idaho 2012).

For all of the foregoing reasons, plaintiff's motion for a protective order is DENIED, as is defendant's request for an award of fees and costs incurred in responding to the motion. Mr. Park shall appear for deposition before discovery closes on May 17, 2020. Within three days of the date of this Order, the parties shall meet and confer regarding the possibility of taking Mr. Park's deposition by video and a mutually agreeable date for the deposition.

Dated this 27th day of April, 2020.

*[signature]*
Robert S. Lasnik
United States District Judge

AMENDED ORDER DENYING PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER - 3