UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CUREVO, INC., <br><br> Plaintiff, <br><br> v. <br><br> SENYON TEDDY CHOE, <br><br> Defendant. | NO. C19-0572RSL <br><br> ORDER DENYING SECOND MOTION FOR LEAVE TO AMEND |

This matter comes before the Court on "Defendant's Motion for Leave to File Amended Counterclaim Joining an Additional Party." Dkt. # 71.[1] Defendant filed a similar motion in August 2019 to add Curevo's minority shareholder, Mogam Institute for Biomedical Research ("MIBR"), as a defendant. Defendant's theory at the time was that MIBR was his employer and that it wrongfully terminated his employment with Curevo in violation of public policy. The Court denied that motion under Fed. R. Civ. P. 15(a) because the proposed allegations suggested no more than that a corporate shareholder had orchestrated the termination of defendant's employment with a subsidiary: the allegations did not raise a plausible inference that MIBR was

---

[1] Curevo's opposition was untimely filed and has not been considered. Defendant's motion seeks two forms of relief, and he correctly noted the motion under the longer of the applicable briefing schedules. A response to a third-Friday motion is due the Monday before the note date. LCR 7(d)(3). Curevo waited until the Wednesday before the note date to file its opposition.

ORDER DENYING SECOND MOTION
FOR LEAVE TO AMEND - 1

Choe's employer.

Now, almost a year later, defendant seeks to amend his counterclaim to assert a claim of wrongful termination against Curevo's majority shareholder, Green Cross Corporation, again on the theory that the shareholder was defendant's employer. The deadline for joining parties was September 3, 2019. Dkt. # 40. Under Fed. R. Civ. P. 16(b)(4), case management deadlines established by the Court "may be modified only for good cause and with the judge's consent." The case management order in this case likewise states "[t]hese are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown . . . ." *Id*. at 2; Dkt. # 70 at 2. The deadline for joining additional parties is set very early in the case so that all interested parties have a full and fair opportunity to participate in discovery. Defendant filed a timely motion to add MIBR, Curevo's minority shareholder, but chose not to seek to add the majority shareholder at that time. Now, less than ten weeks before discovery closes, defendant seeks to add Green Cross, a foreign corporation, as a counterclaim defendant. Such an addition would deprive Green Cross of the opportunity to participate in discovery or, in the alternative, drastically impact the case management schedule.

Defendant fails to acknowledge the purpose behind the early deadline for adding new parties, nor has he shown good cause for an extension of the deadline. Rule 16 was amended in 1983 to require scheduling orders that govern pre-trial as well as trial procedures. The purpose of the change was to improve the efficiency of federal litigation: leaving the parties to their own devices until shortly before trial was apparently costly and resulted in undue delay. Under the 1983 amendment, once a case management schedule issues, changes will be made only if the

ORDER DENYING SECOND MOTION
FOR LEAVE TO AMEND - 2

movant shows "good cause."

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). *See also Zivkovic v. S. Cal. Edison Co.*, 302 F3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown).

Defendant's motion to amend is based on the theory that Curevo and Green Cross functioned as a single entity and, together, employed defendant, making Green Cross potentially liable for defendant's wrongful termination. But every one of the factors defendant cites in support of his employer theory (Dkt. # 71 at 7-9) was known to defendant at the time he filed his counterclaims or, at the very latest, by the deadline for joining additional parties. The only new consideration is the difficulty defendant is having in obtaining information from Curevo in discovery. Curevo has taken the position that certain documents and information are not within its possession, custody, or control and must be obtained directly from its shareholders, MIBR and/or Green Cross. This motion followed. Defendant's discovery difficulties do not establish good cause for an extension of the joinder deadline, however. If Curevo is withholding documents that are, in fact, within its possession, custody, or control, the proper course of action is a motion to compel. If the documents are not within Curevo's possession, custody, or control, Rule 45 provides the method by which defendant can obtain documents from a third party. Whether Green Cross was defendant's employer turns entirely on factors extraneous to the

ORDER DENYING SECOND MOTION
FOR LEAVE TO AMEND - 3

current discovery disputes, and those disputes do not provide good cause for the delay in asserting a claim based on Green Cross' employer status.

For all of the foregoing reasons, the Court finds a lack of diligence in the failure to assert claims against Green Cross before the joinder period expired. Having failed to act diligently in pursing its claims against Green Cross, defendant has not established good cause for extending the deadline for joining additional parties. Defendant's request to modify the case management order and file an amended complaint adding Green Cross as a counterclaim defendant (Dkt. # 71) is DENIED.

DATED this 3rd day of August, 2020.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING SECOND MOTION
FOR LEAVE TO AMEND - 4