1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
8
9
10
11

| | |
|---|---|
| CUREVO, INC., | NO. C19-0572RSL |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION TO AMEND |
| SENYON TEDDY CHOE, | |
| Defendant. | |

12
13
14

    This matter comes before the Court on "Plaintiff Curevo, Inc.'s Motion for Leave to File

15   Amended Complaint." Dkt. # 82. In April 2019, plaintiff filed this lawsuit seeking judicial

16   declarations that (1) Washington law, rather than California law, governs the interpretation and

17   application of the a service agreement between plaintiff and defendant Senyon Teddy Choe and

18   (2) under Washington law, Choe was properly classified as an independent contractor and was

19   not plaintiff's employee. Dkt. # 1 at ¶ 2. Plaintiff's jurisdictional allegations included the

20   assertions that Choe was a resident of South Korea and that he had threatened to bring breach of

21   contract and wrongful termination claims against Curevo under California law claiming damages

22   far in excess of $75,000. Dkt. # 1 at ¶¶ 6-7.[1]

23
24

---

25       [1] Choe's demand letter suggested that his damages included the loss of wages, benefits, and
26   options to purchase 229,167 shares of Curevo's common stock at a purchase price of one dollar ($1.00),
     that he suffered emotional distress, and that he would seek an award of punitive damages. Dkt. # 1 at ¶ 7.
27

ORDER GRANTING PLAINTIFF'S
28   MOTION TO AMEND - 1

Seventeen months after the complaint was filed, defendant moved to dismiss plaintiff's claim for declaratory relief for lack of subject matter jurisdiction. Dkt. # 81. Defendant argues that an allegation of residency is insufficient to establish diversity of citizenship and that choice of law and independent contractor status determinations have no pecuniary value because they would not, standing alone, resolve defendant's wrongful termination claim. Plaintiff opposed the motion to dismiss (Dkt. # 83) and filed this motion to amend the complaint to clarify that defendant is a citizen of South Korea and to seek a declaration that it is not liable for wrongful discharge in violation of public policy under Washington law (Dkt. # 82).

Having reviewed the various submissions of the parties, the Court finds that amendment is appropriate. A fair reading of the original complaint makes clear that plaintiff was seeking two discrete determinations that would invalidate defendant's threatened counterclaims and that those counterclaims were valued in excess of $75,000. That plaintiff did not appreciate the need to amend its jurisdictional allegations before defendant filed its motion to dismiss is not surprising given the fair and reasonable inferences arising from the original allegations. Nor is there any surprise or unfairness in allowing plaintiff to allege the undisputed fact of defendant's citizenship or to expressly state what was already implicit: that the goal of this litigation is to preclude a wrongful termination claim under California law.

For all of the foregoing reasons, plaintiff's motion to amend (Dkt. # 82) is GRANTED. Plaintiff shall, within seven days of the date of this Order, file and serve an amended complaint for declaratory relief in essentially the form of Dkt. # 82-1. Defendant's motion to dismiss (Dkt. # 81) is DENIED as moot.

ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND - 2

Dated this 16th day of November, 2020.

Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND - 3